## ANONYMOUS.

Where in a bill for a mortgage foreclosure, some of the defendants are
proceeded against as absentees, the master upon reference to take
proofs of the amount of payments made upon such mortgage, which
ought to be credited thereon, and of the truth of the facts and circum-
stances stated in the bill, must report the proofs and depositions so
taken, at length. It is not sufficient for him to report that he was
satisfied, without also reporting the proofs and depositions.

THIS was a mortgage cause. The affidavit of the
complainant showed that some of the defendants

Dec. 1840.

Anonymous.

were absentees. The report of the master showed that he had taken proofs of the facts and circumstances stated in the bill, and also as to any payments that may have been made to the complainant or to any person for his use, on account of the demand mentioned in the bill, and which ought to be credited upon such demand; and the master reported that from such proofs he was satisfied the facts and circumstances stated in the bill were true, and that no payments were made to the complainant, which had not been credited upon the bond and mortgage; but the master did not report the depositions so taken.

THE VICE CHANCELLOR. The complainant cannot have a decree in this cause, upon his papers. It appears from his papers that some of the defendants were absentees, and had been proceeded against as such; and that his bill has been taken as confessed against them, in consequence of such proceedings. In such cases the statute regulates the course and manner of proceeding. The 126th section (2 Rev. Stat. old ed. p. 186) provides that when a bill is taken as confessed against an absentee, "the court "shall direct a reference to a master to take proof "of the facts and circumstances stated in such bill." The 127th section provides that "the master to "whom such reference is made, shall take such "proofs as may be offered."

The 128th section provides for the examination of the complainant as to any payments made upon the demand, but not credited.

The 129th section is in the following words: "The "master shall report the proofs and examinations had "before him; and on the coming in thereof, the

" Chancellor shall make such order thereupon, as " shall be just."

If an order was made by this court, containing the language of the statute, directing a master to take an examination and to report " the proofs and examinations had before him," I apprehend there can be no doubt but the master must report the depositions of the witnesses *in extenso*. I construe the language of the statute to have a like effect as it would have if the same language was contained in an order. In other words, the master must report " the proofs and examinations" had before him under this statute. In this case he has reported the examination, but has not reported the " proofs and examinations" so taken before him. It is true that he has reported his opinion thereon, and that such opinion is satisfactory. The only objection to this is, that it does not comply with the statute. The legislature have thought proper to lay down a rule in such cases, in plain terms, according to my reading, and I have no way of escaping from it. It must be complied with to make the complainant's proceedings regular. The reasons of the rule I am scarcely at liberty to inquire into; but it obviously intends that the whole facts shall be laid before the Chancellor, as they appear in the depositions of the witnesses, without the intervention of the judgment of the master thereon; and that upon such proofs the Chancellor shall make such decree as shall be just. It is sufficient for me that the legislature have so willed it; and I cannot grant the complainant a decree, until the master reports " the proofs and examinations had before him."

Decree for sale refused.